## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

ST. FRANCIS LLC,

    Plaintiff,

Case No. _____

v.

CYNOSURE, INC. n/k/a CYNOSURE, LLC

    Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule 4.02, Defendant Cynosure, LLC, f/k/a Cynosure, Inc. ("Cynosure") hereby gives notice of removal of this action, captioned *St. Francis LLC v. Cynosure, LLC*, bearing case number 19-008551-CI, from the Circuit Court of the 6th Judicial District in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida. Pursuant to 28 U.S.C. § 1446(a), Cynosure provides the following statement of grounds for removal.

## BACKGROUND

1. This case involves the sale of two medical devices -- the SculpSure Non-Invasive Body Contouring Platform ("SculpSure") and the TempSure RF System ("TempSure," and, together with SculpSure, the "devices") to Plaintiff St. Francis, LLC ("St. Francis" or "Plaintiff"). The SculpSure is a medical device marketed and sold by Cynosure which uses laser technology for non-invasive body contouring. The TempSure is a medical device marketed and sold by Cynosure that, among other things, uses soft tissue coagulation to reduce wrinkles, tighten skin, and reduce the appearance of cellulite. Both devices received FDA clearance pursuant to Section 510(k) of the Federal Food, Drug, and Cosmetic Act.

2. On December 30, 2019, Plaintiff filed its Complaint against Cynosure in the Sixth Judicial Circuit in and for Pinellas County, Florida ("State Court Action"), alleging Fraud in the Inducement, Breach of Contract, a Violation of Florida's Unfair and Deceptive Trade Practices Act, and Rescission. *See* Compl. Counts I-IV (¶¶ 18-35). The main thrust of Plaintiff's Complaint is that Cynosure, through its sales representatives, made false statements regarding the tolerability and ease of administering treatments, which Plaintiff relied on in purchasing the devices. *See* Compl. ¶¶ 8, 9.

3. As of the date of this filing, Cynosure has not received service of the Summons or Plaintiff's Complaint.

4. A copy of the state court docket is attached hereto as **Exhibit A.**

5. A copy of the complaint filed in the State Court Action is attached hereto as **Exhibit B.**

6. A copy of all other documents filed in the State Court Action are attached hereto as **Exhibit C.**

## VENUE AND JURISDICTION

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(b), 1391, 1441(a), and 1446(a) because the 6th Judicial District in and for Pinellas County, Florida, where the Complaint was filed, is a court within the Middle District of Florida.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiff and Cynosure; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and, (3) all other requirements for removal have been satisfied.

9. Plaintiff St. Francis is a Florida limited liability company that maintains its principal place of business in Pinellas County, Florida. Compl. ¶ 1. A limited liability company is a citizen of every state in which its member is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also Dye v. Sexton*, 695 F. App'x 482, 484 (11th Cir. 2017) ("[F]or purposes of diversity jurisdiction 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'") (internal citation omitted). Upon information and belief, Francis Alvarez is Plaintiff's member, and he is a resident of Florida. Therefore, Plaintiff is a citizen of Florida.

10. Cynosure is a limited liability company, with its principal place of business in Massachusetts, whose sole member is Lotus Buyer, Inc., a corporation that is incorporated and has its principal offices in Delaware. A limited liability company is a citizen of every state in which its member is a citizen. *See Rolling Greens*, 374 F.3d at 1022. Corporations are citizens of the states in which they are incorporated and where they have their principal place of business. 28 U.S.C. § 1332; *see also Simon Holdings PLC Grp. of Companies U.K. v. Klenz*, 878 F. Supp. 210, 211 (M.D. Fla. 1995). Accordingly, Cynosure is a citizen of Delaware.

## I. THERE IS COMPLETE DIVERSITY OF CITZENSHIP BETWEEN THE PLAINTIFFS AND DEFENDANT.

11. A district court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and there is a diversity of citizenship. See 28 U.S.C. § 1332(a).

12. Plaintiff is a citizen of Florida and Cynosure is a citizen of Delaware. Accordingly, complete diversity of citizenship exists between Plaintiff and Cynosure. *See* 28 U.S.C. §§ 1332 and 1441.

## II.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

13.   A defendant's notice of removal asserting diversity jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014); *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-CV-2343-T-17JSS, 2016 WL 9211676, at *2 (M.D. Fla. Dec. 20, 2016) (same); *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) (noting that a court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount"), *aff'd*, 613 F.3d 1058 (11th Cir. 2010).   The amount in controversy, exclusive of interest and costs, must exceed $75,000. 28 U.S.C. § 1332(a).

14.   Where a plaintiff has not pled a specific amount of damages in the complaint, the amount in controversy requirement may nevertheless be satisfied if it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Furnari v. Nuance Commc'ns, Inc.*, No. 611CV1119ORL35GJK, 2011 WL 13298737, at *2 (M.D. Fla. Sept. 20, 2011) (amount in controversy requirement met where complaint did not claim specific amount of damages but it was  "facially apparent"—"albeit, with minor calculation"—that the amount in controversy exceeded $75,000). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams*, 269 F.3d at 1319-20; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

15.   Damages from separate claims against a defendant may be aggregated to meet the amount in controversy requirement.   *See Petroleum Traders Corp. v. Hillsborough Cty.*, No.

8:06-CV-2289-T-TBM, 2008 WL 4570318, at *4 (M.D. Fla. Oct. 14, 2008) ("[A] single plaintiff may aggregate the value of his claims against a defendant to meet the amount-in-controversy amount for diversity jurisdiction, and the claims may be related or unrelated."), citing *Snyder v. Harris,* 89 S.Ct. 1053, 1056 (1969); *see also Hardy v. Jim Walter Homes, Inc.*, No. CIV A 06-0687-WS-B, 2007 WL 1889896, at *4 (S.D. Ala. June 28, 2007).

16. Here, Plaintiff's Complaint alleges an unspecified amount of damages "in excess of $15,000," the jurisdictional requirement in the state circuit court, "exclusive of interest, attorney's fees, and costs." Compl. ¶ 4. However, Plaintiff alleges that it was fraudulently induced to purchase the devices for $386,500.00, *id.* ¶ 9, 18-21, and that as a result of Cynosure's alleged misrepresentations it "has suffered actual damages" *id.* ¶ 15. Absent Cynosure's alleged fraudulent misrepresentations, Plaintiff claims that it "would not have entered into the transaction." *Id.* ¶ 20. In addition, Plaintiff seeks to recover a marketing rebate check in the amount of $26,750.00, which it claims it is allegedly owed. *Id.* ¶ 23. Indeed, Plaintiff "demands . . . [actual] damages . . ., incidental and consequential damages in the form of insurance, plus prejudgment interest [and] cost." *Id.* ¶¶ 21, 24, 30.

17. Although Cynosure contests that Plaintiff is entitled to any damages, the Complaint puts at issue the value of the SculpSure device and the TempSure device, which together are more than $75,000. *See Branson v. Medtronic, Inc.*, No. 5:06-CV-332-OC-10GRJ, 2007 WL 170094, at *6 (M.D. Fla. Jan. 18, 2007) (holding that, "viewing the claimed damages in this case alone . . . there cannot be any good faith dispute that the amount in controversy in this case exceeds $75,000"); *McCollough Enterprises, LLC v. Marvin Windows, Inc.*, No. CIV.A. 09-0573-WS-B, 2009 WL 3615044, at *3 (S.D. Ala. Oct. 29, 2009) (holding amount in controversy satisfied where plaintiff sought compensatory damages because cost of replacement windows

was "a logical component of damages with respect to [plaintiff's] breach of contract, breach of warranty and fraud claims"); *Laux v. BAC Home Loans Servicing, LP for Bank of New York Mellon*, No. 1:11-CV-547-AT, 2011 WL 13220140, at \*2 (N.D. Ga. Sept. 27, 2011) (finding amount in controversy was at least $80,000 for quiet title claim when property was worth $80,0000).

18. On these alleged facts, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.[1]

### III. THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED.

19. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which requires that the defendant file the notice of removal within 30 days of receiving a copy of the initial pleading setting forth the claim for relief filed in the State Court Action.

20. As of the date of this filing, Cynosure has not been served with a copy of Plaintiff's Complaint or the Summons issued in the State Court Action.

21. Instead, on December 31, 2019, Plaintiff purported to accomplish service on Cynosure by serving a copy of the Summons and Complaint on Registered Agents, Inc. *See* **Exhibit C** at 7-8. Based on public records it appears that a different corporate entity with no

---

[1] To the extent this Court is not satisfied that the amount in controversy exceeds $75,000, it should permit Cynosure to introduce additional evidence relevant to the amount in controversy. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (explaining that when issues arise as to jurisdiction, "discovery is available to ascertain the facts bearing on such issues"); *Williams*, 269 F.3d at 1319 ("If the jurisdictional amount is not facially apparent from the complaint, the court . . . may require evidence relevant to the amount in controversy at the time the case was removed."); *Donovan v. Liberty Mut. Ins. Co.*, No. 616CV157ORL22TBS, 2016 WL 890086, at \*2 (M.D. Fla. Mar. 9, 2016) (permitting jurisdictional discovery "limited in scope to the amount-in-controversy"); *Pitts v. Ram Partners, L.L.C.*, No. 3:18-CV-00028-SRW, 2018 WL 5786219, at \*8 (M.D. Ala. Nov. 5, 2018) (allowing defendant to "conduct limited discovery to show that jurisdiction exists").

relation to Cynosure bears the same name and uses Registered Agents, Inc. for service of process.  *See* **Exhibit D** at 7.

22. Cynosure does not use Registered Agents, Inc. for service of process, and it is not an authorized agent to accept service on behalf of Cynosure.

23. After Cynosure's apparent failure to respond to the Complaint, St. Francis filed a motion for a default judgment on January 29, 2020.  *See* **Exhibit C** at 9-11.  The clerk of the court entered the default against Cynosure on January 30, 2020.  *See* **Exhibit C** at 12; *see also* **Exhibit A** at 1.

24. On or around April 1, 2020, Cynosure became aware of the default judgment entered against it in the State Court Action through routine docket monitoring.[2]  Counsel for Cynosure contacted Plaintiff's counsel that same day and, after further investigation, explained that service was not proper the following day.  *See* **Exhibit D** (April 1-2, 2020 email chain).[3]  The parties subsequently engaged in discussions to voluntarily vacate the default judgment to avoid unnecessary motions practice.  *See* **Exhibit E** (April 2, 2020 Email from P. Campbell agreeing not to hold delay against Cynosure while he considered service issues).[4]

---

[2] Entry of default judgment by the state court is not a bar to removal, particularly where, as here, default was premised on improper service.  *See Hawes v. Cart Prods. Inc.*, 386 F. Supp. 2d 681 (D.S.C. 2005) (permitting removal after entry of default judgment in state court where defendant argued service was improper).

[3] A defendant's removal is timely where it has not been properly served even if counsel for defendant is aware of the initial pleading.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1325-26 (1999) (faxing a courtesy copy of a complaint to defendant's vice president did not trigger the 30-day removal clock, even where parties engaged in settlement negotiations, without proper service); *see also Ware v. Fleetboston Financial Corp.,* 180 Fed. Appx. 59, 62-64 (11th Cir. 2006).

[4] On April 13, 2020, Plaintiff agreed to voluntarily stipulate to vacate the entry of default.  *See* **Exhibit F**.  As of the date of this filing, Plaintiff has not yet done so.  Counsel for Cynosure understands that the delay is primarily due to logistical issues created by the COVID-19 public health emergency. If the parties are ultimately unable to agree upon a stipulation to set aside the

25. Cynosure is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

26. Pursuant to 28 U.S.C. § 1446(d), Cynosure is contemporaneously filing a copy of this Notice of Removal and a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of the 6th Judicial District in and for Pinellas County, Florida.

27. Cynosure reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Cynosure hereby removes this action from the Circuit Court of the 6th Judicial District in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida.

Respectfully submitted this 12th day of May, 2020,

>   */s* Jason A. Ross                              .
>   Jason A. Ross (Florida Bar No. 59466)
>   Jocelyn A. Wiesner (*pro hac vice* to be filed)
>   ARNOLD & PORTER KAYE SCHOLER LLP
>   601 Massachusetts Ave NW
>   Washington D.C. 20001
>   jason.ross@arnoldporter.com
>   jocelyn.wiesner@arnoldporter.com
>   T: (202) 942-5000
>   F: (202) 942-5999
>
>   *Attorneys for Defendant Cynosure, LLC, f/k/a Cynosure, Inc.*

---

default entered in the State Court Action, Cynosure will file a motion to vacate the default in federal court.

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this, the 12th day of May, 2020, I served copies of the foregoing via email to the following:


C. Philip Campbell, Jr. Esq.
Florida Bar No. 016973
101 East Kennedy Blvd. Suite 2800
Tampa, Florida 33602
pcambell@shumaker.com
T: (813) 229-7600
F: (813) 229-1660
*Attorney for Plaintiff*


                _____/s Jason A. Ross_____

                Jason A. Ross